| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(B)**<br>JAVERBAUM WURGAFT HICKS KAHN<br>WIKSTROM & SININS, P.C.<br>Raymond M. Patella I.D. #: 022151996<br>505 Morris Avenue<br>Springfield, NJ  07081<br>Tel #: 973-379-4200<br>Fax #: 973-379-7872<br>Email:  rpatella@lawjw.com<br>Counsel for Brian Thomas, chapter 7 trustee | |
| In Re:<br><br>801 Asbury Avenue, LLC<br><br>Debtors | Case No.: 21-14401-ABA<br><br>Judge: Altenburg<br><br>Chapter: 7; Jointly Administered |

## CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY UNDER 11 U.S.C. SECTION 363(F) TO SELL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES BY AUCTION OR OTHERWISE AND TO APPROVE STIPULATION AND ORDER APPROVING CARVE-OUT FOR HOLDERS OF ALLOWED UNSECURED CLAIMS, CREDIT BID <u>PROCEDURES AND RELATED RELIEF</u>

Brian Thomas, chapter 7 trustee ("Trustee") for the jointly administered cases of 801 Asbury Avenue, LLC ("801 Asbury Avenue") and 176 Route. 50, LLC ("176 Route 50", and collectively with 801 Asbury Avenue, the "Debtors") files this Motion ("Motion") for authority under 11 U.S.C. Section 363(f) to sell property free and clear of liens, claims and encumbrances by auction or otherwise and to approve stipulation and order (the "Stipulation") approving carve-out for holders of allowed general unsecured claims, credit bid procedures and related relief.  In support thereof, the Trustee asserts as follows:

1. The Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court on May 26, 2021. By order entered February 23, 2022, the cases were converted to cases under chapter 7 of the Bankruptcy Code. The Trustee was appointed chapter 7 trustee in both cases on February 24, 2022. By order entered April 12, 2022, the Trustee was authorized to operate the Debtors' business.

2. According to the Debtors' filings, Debtor 801 Asbury Avenue owns and operates commercial real property located at 801 Asbury Avenue, Ocean City, NJ (the "801 Asbury Property"). At this location, 801 Asbury Avenue has several leases with commercial tenants which, upon information and belief, are all on a month-to-month basis. 801 Asbury Avenue collects rent from these tenants which rent may be the cash collateral of secured creditors National Capital Management L.P ("NCM ") and/or Kutztown Mortgage Partners LLC ("KMP", and together with NCM, the "Secured Creditors").

3. According to the Debtors' filings, Debtor 801 Asbury Avenue owns and operates commercial real property located at 412 E. 8th Street, Ocean City, New Jersey (Block 806, Lot 10) and (ii) 800, 812, 816 and 820 Central Avenue, Ocean City, New Jersey (Block 806, Lots 11-14) (the "Lots").

4. The 801 Asbury Property and the Lots are collectively referred to herein as the "Ocean City Properties".

5. According to the Debtors' filings, Debtor 176 Route 50 owns and operates real

property located at 176 Route 50, Estell Manor, NJ (the "176 Route 50 Property, and together with the Ocean City Properties, the "Properties").  Debtor 176 Route 50 represents in its Disclosure Statement that it acquired this abandoned warehouse property in 2016, rehabilitated the property into usable commercial lease space and has leased such space since 2017.  Any rent derived at this location may be the cash collateral of National Capital.

6. According to the Debtors' filings, both Debtors are 100% owned and managed by James McCallion.

7. The Trustee has received several indications of interest concerning the sale of the Debtors' Properties and is currently providing information to and is in negotiations with various parties.  Some parties are interested in the 176 Route 50 Property; some parties are interested in the 801 Asbury Property; some parties are interested in the Lots; and some are interested in the Ocean City Properties.

8. No parties, however, have signed agreements which the Trustee could present to the Court for approval.  In addition, it is unknown at this time whether the offers currently being presented to the Trustee — if they could be finalized, presented to the Court and then closed — would be sufficient for a meaningful sales process along with providing a dividend to unsecured creditors in the cases.

9. Most recently, with the consent of the Secured Creditors, this Court approved the retention of Keller Williams Realty Group - Jersey Shore to assist and facilitate the sale

of the properties.

10. The Trustee has had extensive discussions with the Secured Creditors concerning the potential sales including this Court's admonition at the hearing held on July 26, 2022, that there must be a meaningful distribution to unsecured creditors out of any sale. Subject to this Court's approval, the Trustee believes he has reached a resolution that maximizes the value of the estates' assets while also ensuring that the Trustee has sufficient resources to run a sales process and provide a meaningful distribution to unsecured creditors.

11. Essentially, and as described below, the Trustee is requesting from this Court for authority to conduct an auction process for the Properties in which parties may appear and offer their highest and best offers for one, all or a portion of the Properties. The Trustee, in consultation with the Secured Creditors, will evaluate the offers presented and select the highest and best offer or offers to present to this Court for approval. The Secured Creditors would retain the right to credit bid their secured claims in the amounts and pursuant to the procedures set forth in the Stipulation attached as Exhibit A, but have agreed that whether or not they are the winning bidder, they will either carve out of their collateral, or fund as necessary, the estates' costs for running a sales process as well as ensuring an agreed-upon dividend to creditors on account of their

filed claims.[1]

12. The agreement between the Trustee and the Secured Creditors, will require the Secured Creditors to credit bid their claims if no other bids exceeding the Secured Creditors' claims (plus other amounts) are received. It will also provide a carve out for sale expenses and an agreed-upon distribution to unsecured creditors. The carve-out at this time does not contemplate that the Secured Creditors will carve out of its collateral any amount for chapter 11 administrative claims. The Stipulation is attached hereto as Exhibit A which the Trustee also requests this Court to approve.

13. During the period of time from when this Motion is filed until the court hearing to approve this Motion as well as up to the auction itself, the Trustee, in conjunction with his retained professionals, will continue negotiating with all parties and if an offer which in the Trustee's business judgment (after consultation with the Secured Lenders) presents the highest and best offer for one or more Properties, the Trustee will present that offer to the Court for approval.

**Relief Requested**

14. Under Section 363(f) of the Bankruptcy Code, the Trustee may sell property of the estate free and clear of any liens, claims and encumbrances in such property if, by among other means, the parties with such interest in the property consents to the sale.

---

[1] There are a couple of creditors who have filed secured claims arising from judgments. However, the Trustee believes under his Section 544 strong arm powers, these unexecuted judgments are unperfected with the lien subject to being avoided and preserved for the benefit of the estate.

5

Here, the Trustee is working cooperatively with the Secured Creditors and fully anticipates their consent to any sale.

15. Under Fed.R.Bankr.P. 9019, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." The Stipulation reflects a negotiated, arms-length compromise of issues between the Trustee and the estates on the one hand and the Secured Creditors on the other.

16. The Trustee requests approval of the following procedures in connection with the auction process for the Properties:

   A. The Trustee shall give notice of this Motion to those parties who have requested notice in this cases under Fed.R.Bankr.P. 2002 as well as: (1) all parties known to the Trustee who have express an interest in one or both of the Properties and (2) any parties requested by the Secured Creditors.

   B. Upon approval of this Motion, the Trustee shall provide a copy of the order approving this Motion to those parties listed in subsection A above.

   C. The Trustee, in conjunction with his professionals, is permitted to negotiate with all parties up to and including the auction concerning the terms of any potential sale or sales of the Properties.

   D. If the Trustee enters into an agreement of sale for any of the Properties, he shall have the right to postpone the auction sale of some or all of the

Properties by filing a notice on the docket in these cases or making an announcement at the Auction. Any party wishing to participate in the auction for the sale of the Properties must deliver no later than December 2, 2022, a written expression of interest to participate in such auction to the Trustee and his counsel at: Brian Thomas, chapter 7 trustee, 327 Central Avenue, Suite 103, Linwood, NJ 08221, 609.601.6066; brian@brianthomaslaw.com; and Raymond M. Patella, Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C., 505 Morris Avenue, Springfield, NJ 07081, 973.379.4200, rpatella@lawjw.com. Such expression of interest must be accompanied by a good faith deposit in immediately available funds (bank or cashier's check) in the amount of: $50,000.00 for any party wishing to bid on the 176 Route 50 Property; $50,000.00 for any party wishing to bid on the 801 Asbury Property; $50,000.00 for any party wishing to bid on the Lots; $100,000.00 for any party wishing to bid on the Ocean City Properties together; and $150,000.00 for any party wishing to bid on all of the Properties. **WIRED FUNDS TO THE TRUSTEE'S BANK ACCOUNTS FOR THESE CASES WILL NOT BE ACCEPTED**. The expression of interest must include proof satisfactory to the Trustee and his professionals that the party has the financial wherewithal to close on any bid made for any of the Properties. Upon satisfying all of the above, the Trustee will notify the party that they are a "Qualified

Bidder."  The Secured Creditors are deemed to be a "Qualified Bidder and have submitted an expression of interest and are excused from the requirement of submitting a Good Faith Deposit.  The amount of the Secured Creditors' claims and their obligations for a carve-out to the estates are set forth in the Stipulation.

E.  An auction will be held on **December 12, 2022, at 10:00 a.m.** at the offices of the United States Trustee, Section 341 hearing room, 1423 Tilton Road, Suite 5, Northfield, New Jersey 08225.  Only Qualified Bidders may appear and bid on the Properties except as may otherwise be determined by the Trustee to maximize the likelihood of an active auction for the Properties or otherwise is in the best interests of the estates.

F.  The Properties will be offered on an "as-is, where-is" basis with no warranties of any kind whatsoever other than the Trustee's ability to convey title.

G.  The Trustee, in consultation with the Secured Creditors, retains the right to conduct the auction in any manner in which he believes, in his business judgment, will maximize the value to the estates.  He may determine, among other things, to solicit sealed bids, open bids, conduct an active auction process, or bring different bidders into break out rooms to negotiate with such parties privately.  While the Trustee will consult with the Secured

  Creditors about the bids submitted and the process employed, the Trustee retains the right to conduct the auction in his discretion in a manner different than that requested by the Secured Creditors in order to fulfill his fiduciary duties to the estates.

 H. The Trustee has full discretion to cancel, adjourn, or postpone the auction in his discretion by either making an announcement at the auction or filing a notice on the Court's docket for these cases.

 I. At the conclusion of the auction, the Trustee will announce the winning bidder or bidders for the Properties and file a notice on the Court's docket to such effect.

 J. Any objection to the sales process or any winning bidder must be filed with the Court and served on the Trustee and his counsel no later than 4:00 p.m. on December 16, 2022.

 K. A hearing to approve the sale to the winning bidder or bidders shall be held at such date and time as established by the Court. The Trustee is requesting that the sale hearing be set for December 19 or 20, subject to the Court's availability and approval.

15. In addition, once the buyer or buyers for the properties are known, the Trustee will be requesting from this Court a finding that such sale was done in good faith and otherwise meets the requirements for such a finding under Section 363(m) of the

Bankruptcy Code. In addition, if requested by the buyer or buyers, the trustee will also request waiver of the stay of any sale order imposed by Fed.R.Bankr.P. 6004(h).

16. The Trustee also requests that this Court approve the Stipulation between the Trustee and the Secured Creditors. While the Trustee refers to the Stipulation for the full terms and conditions set forth therein, the terms of the Stipulation can be summarized as follows:

   A. **Secured Creditors' Allowed Claims**. The Trustee acknowledges and agrees that the Secured Creditors hold valid, allowed secured claims in the aggregate amount of $5,222,602.98 (based upon current WSJP—will change if WSJP changes) as of October 7, 2022, plus additional accruing interest and fees, costs and expenses (see the itemization attached as Exhibit "A" to the Stipulation), which valid and allowed secured claims shall be paid from the proceeds of the sale of the Properties subject only to real estate taxes accorded a priority under state law and the administrative expenses identified in the Stipulation.

   B. **Credit Bid for the Properties**. The Trustee acknowledges and agrees that the Secured Creditors shall be permitted to submit a credit bid pursuant to 11 U.S.C. § 363(k) for the Properties (without the requirement of posting any deposit or complying with any other conditions as may be required of third-party bidders) in the approximate aggregate amount of $5,841,084.98, which

includes the aggregate indebtedness owed by the Debtors to the Secured Creditors as of October 7, 2022, plus amounts for certain administrative expenses pursuant to 11 U.S.C. §506(c), a dividend to the unsecured creditors, real estate taxes and other costs of preserving the Properties, and other costs of sale (the "Credit Bid"), itemized as follows:

| | | |
|---|---|---|
| Secured Debt | $5,222,602.9 | (+/- based on WSJP) |
| Trustee Commission (per 11 U.S.C. §326) | $192,701.50 | (+/- to be recalculated as |
| Trustee's Counsel | $125,000.00 | (can be more if third party purchasers) |
| Trustee's Acct. | $40,000.00 | |
| Unsecured dividend Estelle Manor | $25,000.00 | |
| Unsecured dividend Ocean City Properties | $100,000.00 | |
| Other administrative costs of sale | $5,000.00 | |
| NCM payment for elevator repairs | $23,500.50 | |
| Real Estate taxes from 2/1/22 to 8/1/22, est. | $42,280.00 | |
| Outstanding Prepetition Real Estates Taxes, est. | | |

**MINIMUM ESTIMATED AGGREGATE BID**   $5,841,084.9   (as of 10/7/22)

This amount for the Minimum Estimated Aggregate Bid is an estimate only, and the Minimum Estimated Aggregate Bid will increase to reflect additional accruing interest on the Loans and any additional protective advances made by the Secured Creditors (including without limitation any payments for real estate taxes) and for the Secured Creditors' additional fees and costs. The Secured Creditors shall be entitled to allocate the amounts comprising the Credit Bid

11

to bids for each of the Properties in the Secured Creditors' reasonable discretion, and the Secured Creditors shall be entitled to prorate the Carve-out (as defined below) in the Secured Creditors' reasonable discretion. It is anticipated that the Carve-out will pro-rated based upon the outstanding balance on the loan before the Cave-out; however, the Secured Creditors are not required to allocate the Carve-out in this manner.

Furthermore, the Secured Creditors agree that they shall credit bid the above amounts for one or more of the Properties and purchase the Properties if no other bids are received and Secured Creditors shall fund the Carve-Out under any circumstances as set forth herein unless a bidder other than the Secured Creditors is the winning bidder. If the Secured Creditors are the winning bidder on less than all of the Properties, the amount of the Carve-Out they fund shall be reallocated and recomputed depending on the amount of the other winning bidder.

**Credit Bids for the 801 Asbury Property**. The Parties agree that the Secured Creditors shall be permitted to submit credit bids pursuant to 11 U.S.C. Section 363(k) for the 801 Asbury Property (without the requirement of posting any deposit or complying with any other conditions as may be required of third-party bidders), as follows: (a) First, NCM shall be permitted to credit bid at the time of the Auction for the 801 Asbury Property to the extent, priority and amount of its first mortgage recorded against the 801 Asbury Property as security for the $1,847,500.00 Loan; (b) Second, KMP shall be permitted to credit bid at the time of the Auction for the 801 Asbury Property to the extent, priority and amount of its second mortgage recorded against the 801 Asbury Property as security for the $1,302,500.00 Loan; and (c) Third, NCM shall be permitted to credit bid at the time of the auction for the 801 Asbury Property to the

12

extent, priority and amount of its third mortgage recorded against the 801 Asbury Property as security for the $525,000.00 Loan.

**Credit Bids for the Lots**. The Parties agree that the Secured Creditors shall be permitted to submit credit bids pursuant to 11 U.S.C. Section 363(k) for the Lots (without the requirement of posting any deposit or complying with any other conditions as may be required of third-party bidders), as follows: (a) KMP shall be permitted to credit bid at the time of the Auction for the Lots up to the amount of the unpaid balance of the $1,302,500.00 Loan; (b) NCM shall be permitted to credit bid at the time of the Auction for the Lots up to the amount of the unpaid balance of the $1,847,500.00 Loan; and NCM shall be permitted to credit bid at the time of the Auction for the unpaid balance of the $525,000.00 Loan.

**Credit Bid for the 176 Route 50 Property**. The Parties agree that the Secured Creditors shall be permitted to submit credit bids pursuant to 11 U.S.C. Section 363(k) for the 176 Route 50 Property (without the requirement of posting any deposit or complying with any other conditions as may be required of third-party bidders), as follows:  (a) NCM shall be permitted to credit bid at the time of the Auction for the 176 Route 50 Property up to the unpaid balance of the $525,000.00 Loan; and (b) NCM shall be permitted to credit bid at the time of the Auction for the 176 Route 50 Property up to the unpaid balance of the $1,847,500.00 Loan.

**Additional Amounts to be Added to Credit Bids**.  In addition to the Credit Bid amounts set forth above, the Secured Creditors shall be entitled to pro-rate the Carve-out (as defined below) and add these sums to the Credit Bids in the Secured Creditors' reasonable discretion.

C. **Funds Advanced by NCM.**  NCM has extended financial accommodations

13

to the Trustee in the amount of $15,000.00 toward payment of elevator repairs at the 801 Asbury Property. NCM agrees to fund the balance of the contract for elevators repairs (estimated as an additional $8,500.50). To the extent NCM or KMP advances additional amounts for the preservation of the Properties, including without limitation payment of real estate taxes, these amounts shall be added to the loan balances.

D. **Payment to Unsecured Creditors**. The Secured Creditors agree to fund payments to the Debtors' unsecured creditors from the proceeds of the sale of the Properties (that is, the Secured Creditors' collateral) as follows:

**801 Asbury Unsecured Creditors**. The Secured Creditors acknowledge and agree that the unsecured creditors of 801 Asbury shall receive a dividend in the amount of $100,000.00 from the proceeds of the sale of the Ocean City Properties; and

**176 Route 50 Unsecured Creditors**. The Secured Creditors acknowledge and agree that the unsecured creditors of 176 Route 50 shall receive a dividend in the amount of $25,000.00 from the proceeds for the sale of the 176 Route 50 Property.

E. **11 U.S.C. §506(c) Carveout for the Chapter 7 Trustee's Commission.** The Secured Creditors acknowledge and agree that, upon court approval, the Chapter 7 Trustee's statutory commission pursuant to 11 U.S.C. §326 may

be paid from the proceeds of the sale of the Properties. For purposes of establishing the Secured Creditors' Credit Bid, the Chapter 7 Trustee's commission has been estimated at $192,701.50; however, the actual commission will be determined by the outcome of the sale of the Properties using the statutory formula to calculate the amount of the commission. Notwithstanding the foregoing, it is anticipated that prior to the sale of the Properties, the Secured Creditors will have paid an additional real estate taxes or other protective advances in connection with the Properties. These amounts shall be added to the Secured Creditor's Credit Bids, but shall not be included for purposes of calculating the Trustee's statutory commission.

F. **11 U.S.C. §506(c) Carveout for the Chapter 7 Trustee's Professional Fees**.

   A. **Trustee's Counsel**. The Secured Creditors acknowledge and agree to a carve-out for the Trustee's counsel's court-approved fees and costs up to $125,000.00 may be paid from the proceeds of the sale of the Properties. If there are additional court-approved Trustee's counsel fees in excess of $125,000.00, these fees can be included in the credit bid/upset price (and paid from the sale proceeds where there is a sale to a third party), subject to Secured Lender's reasonable approval.

   B. **Trustee's Accountant**. The Secured Creditors acknowledge and agree that Trustee's accountant's court-approved fees and costs up to $40,000.00 may be paid from the proceeds of the sale of the Properties.

15

The amounts set forth in Paragraphs D, E, and F above are hereinafter collectively referred to as the "Carve-out." By approval of this Stipulation and this Court's Order, the Trustee shall be entitled to a statutory commission calculated on the amount of any credit bid by the Secured Creditors and such credit bid shall be deemed monies disbursed by the Trustee for purposes of 11 U.S.C. §326.

G. **Private Sale of the Properties/Real Estate Broker**. Except to the extent expressly limited by the bidding procedures and terms of the Auction Sale, nothing contained herein shall prohibit the Trustee from entering into a contract for the purchase and sale of any or all of the Properties prior to closing on the sale of the Properties pursuant to the Auction Sale. The Trustee acknowledges and agrees that the Trustee shall file a motion seeking court approval of any such sale. Subject to Court approval, Secured Lenders have agreed that the Trustee may retain the realtor selected by the Trustee (Kristina Doliszny) to market and sell the Properties, and Secured Lenders have further agreed that a realtor's commission may be paid to the real estate broker so long as the commission is only paid where there is a third party purchaser and excluding the City of Ocean City.

H. **Release of Secured Creditors from Chapter 5 Claims**. The Trustee confirms and acknowledges that he does not believe that there are any Chapter 5 claims against the Secured Creditors, and the Trustee releases the Secured Creditors from any and all such claims to the extent that they may

16

exist. The consent by the Secured Creditors to the carveout provided in this Stipulation is expressly contingent upon this release by the Debtors and the Committee. This release of the Secured Creditors from any and all Chapter 5 claims shall be binding upon any subsequent Chapter 7 trustee appointed in any such case.

17. The Trustee believes that the proposed procedures above provide him and the estates the best opportunity to maximize the value of the estates.

18. In accordance with D.N.J. LBR 9013-1(a)(3), it is respectfully submitted that no brief is necessary in the court's consideration of this motion, as it does not involve complex issues of law.

WHEREFORE, the Trustee requests that this Court authorize the Trustee to conduct the auction process described herein; and for such other relief as may be just.

Date: October 27, 2022

*/s/ Raymond M. Patella*
JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, P.C.
505 Morris Avenue
Springfield, NJ  07081
Tel #: 973-379-4200
Fax #: 973-379-7872
Email:  rpatella@lawjw.com
Counsel for Brian Thomas, chapter 7 trustee