| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(B)**<br>JAVERBAUM WURGAFT HICKS KAHN<br>WIKSTROM & SININS, P.C.<br>Raymond M. Patella I.D. #: 022151996<br>505 Morris Avenue<br>Springfield, NJ  07081<br>Tel #: 973-379-4200<br>Fax #: 973-379-7872<br>Email:  rpatella@lawjw.com<br>Counsel for Brian Thomas, chapter 7 trustee | |
| In Re:<br><br>801 Asbury Avenue, LLC<br><br>Debtors | Case No.: 21-14401-ABA<br><br>Judge: Altenburg<br><br>Chapter: 7; Jointly Administered |

**CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY UNDER 11 U.S.C. SECTION 363(F) TO SELL PROPERTY LOCATED AT 801 ASBURY AVENUE, OCEAN CITY, NJ AND 176 ROUTE 50, ESTELL MANOR, NJ, TO OCEAN CITY ASBURY LLC OR ITS ASSIGNEE FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES (COLLECTIVELY, "INTERESTS") WITH SUCH INTERESTS TO ATTACH TO THE PROCEEDS OF SALE; WAIVER OF THE AUTOMATIC STAY PROVISIONS OF FED.R.BANKR.P. 6004(G); AND FOR RELATED RELIEF**

Brian Thomas, chapter 7 trustee ("Trustee") for the jointly administered cases of 801 Asbury Avenue, LLC ("801 Asbury Avenue") and 176 Route. 50, LLC ("176 Route 50", and collectively with 801 Asbury Avenue, the "Debtors"), files this Motion ("Motion") for authority under 11 U.S.C. Section 363(f) to sell property located at 801 Asbury Avenue, Ocean City, NJ and 176 Route 50, Estell Manor, NJ, to Ocean City Asbury LLC or its assignee ("Purchaser") free and clear of liens, claims and encumbrances (collectively, "Interests") with such Interests to attach to the proceeds of sale; waiver of the automatic stay provisions of Fed.R.Bankr.P. 6004(g); and for related

relief.  In support thereof, the Trustee asserts as follows:

1. The Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court on May 26, 2021.  By order entered February 23, 2022, the cases were converted to cases under chapter 7 of the Bankruptcy Code.  The Trustee was appointed chapter 7 trustee in both cases on February 24, 2022.  By order entered April 12, 2022, the Trustee was authorized to operate the Debtors' business which was extended by order entered October 18, 2022.

2.  According to the Debtors' filings, Debtor 801 Asbury Avenue owned and operated commercial real property located at 801 Asbury Avenue, Ocean City, NJ (the "801 Asbury Property").  At this location, 801 Asbury Avenue has several leases with commercial tenants which, upon information and belief, are all on a month-to-month basis.  801 Asbury Avenue collects rent from these tenants, which rent may be the cash collateral of secured creditors National Capital Management L.P ("NCM ") and/or Kutztown Mortgage Partners LLC ("KMP", and together with NCM, the "Secured Creditors").

3.  According to the Debtors' filings, Debtor 801 Asbury Avenue owned and operated commercial real property located at 412 E. 8th Street, Ocean City, New Jersey (Block 806, Lot 10) and (ii) 800, 812, 816 and 820 Central Avenue, Ocean City, New Jersey (Block 806, Lots 11-14) (the "Lots").

4. The 801 Asbury Property and the Lots are collectively referred to herein as the "Ocean

2

City Properties".

5. According to the Debtors' filings, Debtor 176 Route 50 owns and operates real property located at 176 Route 50, Estell Manor, NJ (the "176 Route 50 Property, and together with the Ocean City Properties, the "Properties"). Debtor 176 Route 50 represents in its Disclosure Statement that it acquired this abandoned warehouse property in 2016, rehabilitated the property into usable commercial lease space, and has leased such space since 2017. Any rent derived at this location may be the cash collateral of National Capital.

6. According to the Debtors' filings, both Debtors were 100% owned and managed by James McCallion. Upon information and belief, the principal of the Debtors attempted to market the Properties prior to and during the chapter 11 portion of the cases. Additionally, the principal of the Debtors had the Properties listed for sale on the Multiple Listing Service despite the Trustee's repeated requests to remove the MLS listing.

7. After conversion of the cases, the Trustee received several indications of interest concerning the sale of the Debtors' Properties. The Trustee has been providing, and continues to provide, information to and is in negotiations with various parties concerning a sale of the Properties. Some parties are interested in the 176 Route 50 Property; some parties are interested in the 801 Asbury Property; some parties are interested in the Lots; and some are interested in the Ocean City Properties.

8. On October 27, 2022, the Trustee filed his Motion to Sell Property Free and Clear of Liens under Section 363(f) and Motion to Approve Stipulation and order Approving Carve-Out for Holders of Allowed Unsecured Claims, Credit Bid Procedures and Related Relief (the "Auction and Carve-Out Motion") (Docket No. 255).  The Auction and Carve-Out Motion is set for hearing on November 29, 2022.  The Auction and Carve-out Motion sought to approve procedures concerning a public auction of the Properties along with approving a Carve-Out Stipulation with the Secured Creditors.

9. Most recently, with the consent of the Secured Creditors, this Court approved the retention of Keller Williams Realty Group - Jersey Shore to assist and facilitate the sale of the properties.

10. The Auction and Carve-Out Motion noted that the Trustee would continue negotiating with prospective purchasers with the hope of bringing before this Court a purchase agreement for approval.  The Trustee believes he has done just that.

11. This Motion proposes a sale of all the Properties to the Purchaser for $6.5 Million (the "Purchase Price").  That amount would yield a greater return to the estate than if the Secured Creditors credit bid their claims as set forth in the Auction and Carve-Out Motion.[1] A copy of the Purchase Agreement with the Purchaser is attached as Exhibit A.

---

[1] There are a couple of creditors who have filed secured claims arising from judgments.  However, the Trustee believes under his Section 544 strong arm powers, these unexecuted judgments are unperfected with the lien subject to being avoided and preserved for the benefit of the estate.

12. The Purchaser is a newly formed LLC owned by Eustace Mita who is the owner of, among other entities, Achristavest, a premier builder of fine waterfront homes and distinctive waterfront living and ICONA, owner of upscale beach resorts on the New Jersey shore. Purchaser has provided to the Trustee proof of funds to be able to close under the Agreement.

## Relief Requested

13. Under Section 363(f) of the Bankruptcy Code, the Trustee may sell property of the estate free and clear of any liens, claims and encumbrances in such property if, by among other means, the price at which such property is to be sold is greater than the aggregate value of all liens on such property or the parties with such interest in the property consents to the sale. Here, the Trustee believes the Purchase Price is greater than the Secured Creditors' claims and the Trustee is working cooperatively with the Secured Creditors and fully anticipates their consent to any sale.

14. As set forth in more detail in the Purchase Agreement, the proposed purchase to the Purchaser provides for the following:

    A. **Purchaser's name and Purchase Price.** Ocean City Asbury LLC; $6.5 million.

    B. **Deposit.** The Purchaser shall provide a deposit of one hundred and fifty thousand dollars ($150,000.00) by certified funds or wire transfer of immediately available funds. The deposit shall be a "hard" non-refundable

deposit, payable upon executed contract by Trustee, but refundable until Federal Bankruptcy Court approval for the sale.

C. **Title**. Title to the Properties shall be good and marketable and transferred at Settlement free and clear of all mortgages, liens and encumbrances, subject to: (A) those liens, restrictions, encumbrances, leases and tenancies, claims of right and easements set forth in the Purchase Agreement and also subject to other exceptions as set forth therein.

D. **Settlement**: The closing shall occur on December 29, 2022, or such other date as may be agreed upon by the Trustee and Purchaser.

E. **Leases**. The Trustee shall reject any existing leases for the properties and provide notice to any tenant to vacate prior to settlement.

F. **Due Diligence**. Purchaser shall have 30 days for due diligence, which period started running at the time the Purchase Agreement was signed. During the due diligence period, Purchaser may terminate the Purchase Agreement.

G. **Representations and Warranties**. Section 10.(a) provides the limited representations and warranties that the Trustee is providing including providing copies of documents in his possession, power and authority to enter into the Purchase Agreement upon Bankruptcy Court approval and the leases and contracts of the Debtors being listed and rejected. Otherwise, the

        sale is "AS-IS, WHERE-IS" with no representations or warranties of any kind being provided.

    H.  **Broker Commission**.  The Trustee request that a broker commission of 5% of the purchase price shall be paid to Ocean City Real Estate Group at Keller Williams Realty-Jersey Shore at closing.

15.  In addition, the Trustee requests from this Court a finding that such sale was done in good faith and otherwise meets the requirements for such a finding under Section 363(m) of the Bankruptcy Code.  The Purchaser here has no relationship to the Trustee, the Debtors, or any creditors or parties in interest and both he and the Trustee negotiated the Purchase Agreement at arms-length and in good faith.  Finally, the trustee also requests waiver of the stay of any sale order imposed by Fed.R.Bankr.P. 6004(h) as the purchaser wishes to close as soon as possible after the due diligence period ends and this Court approves the sale.  Closing as quickly as possible also benefits the estate as it stops per diem interest from accruing on the Secured Creditors' claims.

16. The Trustee asserts that it is well within his business judgment to enter into the Purchase Agreement and sell the Properties to the Purchaser.  The Trustee has been informed by the Debtors, their principal, and others that the Properties have been marketed for years.  The Trustee has himself negotiated with numerous parties none of whom have entered into definitive agreements with the estate.  The Trustee's retained

7

Broker also actively marketed the properties to numerous potential purchasers and contacts; sent an email blast to over 20,000 contacts; and listed the Properties on the Multiple Listing Service. No other offers greater than set forth herein have been made and this Motion was noticed on all parties who have previously expressed an interest in one or more of the Properties. The Trustee believes it is highly unlikely a better offer will be made at the auction or otherwise. The alternative to not approving this sale is either moving forward with the auction which may or may not provide a higher price but may result in lower proceeds to the estate through the Carve Out, or abandonment of the Properties, neither of which is a better outcome for the estate. And, if for some reason the Purchaser backs out of the Agreement, the Trustee will move forward with the process set forth in the Auction and Carve-Out Motion which will the Trustee expects to be approved by the time this Motion comes up for hearing. Accordingly, for all these reasons, the Trustee requests that this Court approve this Motion and authorize the Trustee to sell the Properties to the Purchaser.

17. The Trustee asserts the bulk sales law or any similar law of any state or jurisdiction may apply to the sale.

18. In addition, the Trustee asserts that the real property should be transferred free of any realty transfer fee owed to any governmental entity under N.J.St.Ann. § 46:15-10(g).

19. In accordance with D.N.J. LBR 9013-1(a)(3), it is respectfully submitted that no brief is necessary in the court's consideration of this motion, as it does not involve

complex issues of law.

WHEREFORE, the Trustee requests that this Court authorize the Trustee to conduct the auction process described herein; and for such other relief as may be just.

Date: November 15, 2022    */s/ Raymond M. Patella*
JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, P.C.
505 Morris Avenue
Springfield, NJ  07081
Tel #: 973-379-4200
Fax #: 973-379-7872
Email:  rpatella@lawjw.com
Counsel for Brian Thomas, chapter 7 trustee

9